IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRISTINA L. ROGERS

       **Plaintiff,**

vs.                                                                    No. CIV 05-712 WJ/LCS

JO ANNE B. BARNHART,
**Commissioner of Social Security,**

       **Defendant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Plaintiff's Motion to Reverse and Remand Administrative Agency Decision [Docket #7] filed November 11, 2005. The Commissioner of Social Security issued a final decision denying Plaintiff's application for disability insurance benefits. The United States Magistrate Judge, having reviewed the Motion and considered the submissions of the parties, the record herein, all relevant authorities, and being otherwise fully advised, recommends that Plaintiff's Motion to Remand be **GRANTED**.

### I.   STANDARD OF REVIEW

1.     The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether she applied the correct legal standards. *Hamilton v. Sec'y of Health & Human Svcs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such relevant evidence as a reasonable mind might accept to support the conclusion. *Gossett v. Bowen*, 862 F.2d 802, 804 (10th Cir. 1988). The decision of an Administrative Law Judge ("ALJ") is not supported by substantial evidence if the evidence supporting the decision is

overwhelmed by other evidence on the record. *Id.* at 805.

    2.    In order to qualify for disability insurance benefits, a claimant must establish a severe physical or mental impairment expected to result in death or to last for a continuous period of at least twelve months which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1995) (citing 42 U.S.C. § 423(d)(1)(A)). The Secretary has established a five-step process for evaluating a disability claim. *Bowen v. Yuckert*, 482 U.S. 137 (1987). At the first four levels of the sequential evaluation process, the claimant must show that he is not engaged in substantial gainful employment, that he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities, and his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpart P, App. 1. Alternatively, he may show he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. *See Reyes v. Bowen*, 845 F.2d 242, 243 (10th Cir. 1988). At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. *See Gibson v. Bowen*, 838 F.2d 442, 448 (10th Cir. 1988).

## II.    PROCEDURAL HISTORY

    3.    Plaintiff, now 51 years old, filed her application for disability insurance benefits on January 22, 2003 [R. at 54-56] alleging disability commencing on January 1, 1997. Plaintiff's alleged disability is due to multiple sclerosis. [R. at 112, 113, 136] Ms. Rogers completed two years of college and has past relevant work as a nurse and as the owner and manager of a family business. [R. at 59, 64]

4.      On January 23, 2003, Ms. Rogers retained non-attorney representative Harold Burris. [R. at 30] Her initial application for disability insurance benefits was denied on July 22, 2003. [R. at 33-36] The Social Security Administration issued a second notice of denial of benefits on August 26, 2003. [R. at 39-42] The reason for this second notice is not apparent from the record. Plaintiff filed a Request for Reconsideration on August 5, 2003. [R. at 37-38] Following denial of this request, Plaintiff sought review by an Administrative Law Judge [R. at 44-45] and a hearing was held on April 16, 2004. [R. at 208-66]

5.      The ALJ issued his decision on July 16, 2004 [R. at 11-20], denying Ms. Rogers' application and analyzing her claim in accordance with the sequential evaluation procedure set forth in 20 C.F.R. § 404.1520(a)-(f). At step one of the evaluation, the ALJ determined that claimant had been engaged in substantial gainful activity since the alleged onset date of disability. [R. at 19] As such, he did not continue the analysis, but found she had not been under a disability, as defined in the Social Security Act, at any time during the period under review. [R. at 20]

6.      Ms. Rogers petitioned the Appeals Council for review of the ALJ's decision and this petition was denied on April 28, 2005 [R. at 7] thus rendering the ALJ's decision the final decision of the Commissioner for purposes of review.

### III.    DISCUSSION-SUBSTANTIAL GAINFUL ACTIVITY

7.      To properly evaluate the ALJ's decision, I must first determine the exact nature of Ms. Rogers' work activity during the period from January, 1997 until April, 2004. The record is somewhat unclear as to the specific amount of hours worked and activities performed by Plaintiff during this time. The record and hearing transcript do provide some assistance on this score, however.

8.	Ms. Rogers worked as a registered nurse and as a nursing instructor until approximately 1996, at which time she claimed she became too fatigued to continue working full-time due to multiple sclerosis. [R. at 58-9, 67] From 1996 until May, 2002, Plaintiff assisted in managing the family business, an entertainment center and go-cart track, in Abilene, Texas. The exact nature of Ms. Rogers' work at this time is somewhat unclear. [R. at 217-18]

9.	Ms. Rogers stated at the hearing that she usually visited the business once a week for two to three hours at a time but that her husband was the primary overseer. [R. at 218, 237] She indicated she had initially been the manager of the business, but soon had to hire other managers because she was unable to physically keep up with the work and because she found the bookkeeping too confusing. [R. at 217] Plaintiff informed the ALJ that she only drew a salary from the business for the short time she was acting as manager. [R. at 218] The ALJ expressed concern that the income from the business was reported under Plaintiff's social security number. [R. at 220]

10.	Plaintiff moved to Clovis sometime after 2000, at which time she began working sporadically at the Clovis Community College as a lab assistant for nursing students. [R. at 213] She indicated her current term of work was for an eight week period and that she worked approximately eight hours each week at the rate of $39.00/hour. She stated she had completed another eight-week term at the college at which time she worked three days per week at three hours per day. Id. Her rate of pay at that time was approximately $20.00/hour. Id. She stated she was physically exhausted by this level of work and did not intend to continue the work during the next school semester. [R. at 239] Ms. Rogers informed the ALJ that she also assisted her physician, Dr. Graham, with paperwork in his office approximately once a week. [R. at 222]

4

**IV.     ANALYSIS**

11.     The sole question before the Court is whether the ALJ's determination that Ms. Rogers engaged in substantial gainful activity since her alleged onset date of disability was supported by substantial evidence.  The ALJ determined that Ms. Rogers earned $7348.48, or $615.37 per month in 1999; $7846 or $653.33 per month in 2000; $3500.00 or $275 per month in 2002; and $1695.00 or $141.25 per month in 2003.  [R. at 16].  20 C.F.R. Part 404, Subpart P, §§ 404.1574 and 404.1575 set forth guidelines for a determination of whether a claimant has engaged in substantial gainful activity.  Separate analyses are required depending upon whether a claimant has been self-employed or has worked as an employee for another individual.

12.     I will first examine Ms. Rogers's earnings in 2002 and 2003, which were apparently the result of her teaching jobs at the Clovis Community College.  Section 404.1574(a)(1) indicates that, for a non-self-employed individual, earnings will be the primary consideration in determining whether the employee has engaged in substantial gainful activity. The regulations provide earnings tables to which the ALJ may refer in determining whether a claimant engaged in substantial gainful activity during a particular period.  Section 404.1574(b)(3) states that, when a claimant's earnings average less than $300.00 per month, the individual will be presumed not to have engaged in substantial gainful activity for that period.  Based on the ALJ's findings that Ms. Rogers earned an average of less than $300.00 per month while employed by Clovis Community College, I find, pursuant to § 404.1574(b) that she was not engaged in substantial gainful activity in 2002 and 2003.

13.     I must next examine the ALJ's finding that Ms. Rogers's work in her family's business constituted substantial gainful activity during the years 1996 through 2002.  The

5

determination of substantial gainful activity for a self-employed individual is governed by § 404.1575. A determination of substantial gainful activity for a self-employed individual cannot be made on the basis of income alone. § 404.1575(a). The Commissioner must also consider the claimant's activities and their value to the business and the regulations set forth three tests for the ALJ to apply in making his determination. Id.

14. Under test one, an individual will have engaged in substantial gainful activity if she has rendered services that are "significant to the operation of the business and receive[s] a substantial income from the business." § 404.1575(a)(1). Significant services pursuant to this subsection refers to either a contribution of more than half the total time required for the management of the business or the rendering of management services for more than 45 hours per month. § 404.1575(b)(1). Under the second test, a claimant will have engaged in substantial gainful activity if her activity, in terms of "hours, skills, energy, output, efficiency, duties, and responsibilities, is comparable to that of unimpaired individuals in [the] community . . . in the same or similar business." § 404.1575(a)(2). The final test involves an individual whose work activity, "although not comparable to that of unimpaired individuals, is clearly worth the amount shown in § 404.1574(b)(2)." § 404.1575(a)(3). Such an individual will have performed substantial gainful activity within the meaning of the regulation. Id.

15. I assume from the ALJ's opinion that he has examined Ms. Rogers's work activities pursuant to the third test detailed in § 404.1575(a)(3). I must therefore examine Ms. Rogers's earnings. Section 404.1574(b)(2) provides that, for the time period between July 1999 and December 2000, substantial gainful activity will be presumed for average monthly earnings greater than $700.00. Prior to July 1999, the required amount for substantial gainful activity was

6

$500.00 per month.  Id.  The ALJ determined that Ms. Rogers's average monthly income for 1999 was $615.37 and that therefore, her reported self-employment earnings were at the level required for substantial gainful activity only from January 1999 until June 1999.  [R. at 19]

16.     The ALJ determined this finding to be irrelevant however due to Ms. Rogers's own report that she had rendered significant services to the family business pursuant to § 404.1575(a)(1).  For this conclusion, the ALJ relied on Ms. Rogers's statement on a work history form in which she indicated that she worked in a management capacity at the family business from 1996 until 2002 for "14 hours a day for 6 days a week."  [R. at 59, 70]  Ms. Rogers explained at the hearing that, in filling out this form, she had mistakenly stated the hours during which the business was open, rather than the hours she actually worked.  [R. at 218]  During a discussion with the ALJ, Plaintiff stated that she actually assisted her husband at the business only one day per week.  Id.

17.     The ALJ dismissed Plaintiff's contention out of hand and referenced the stated fourteen-hour workday by noting, "This was her original, signed statement, made before she was aware of the possible adverse consequences of such an admission."  [R. at 19]  I am not convinced that this conclusion was supported by substantial evidence.  *See Gossett*, 862 F.2d at 805.  Much of the other evidence of record indicated that Plaintiff was only able to work a limited number of hours on a somewhat sporadic basis.  [R. at 213, 239]  The ALJ did not attempt to reconcile these apparently conflicting reports, despite the duty to do so.  *Reyes*, 845 F.2d at 245. As such, I believe the matter should be remanded to the Commissioner for further development of the record as to the nature of Ms. Rogers's work in her family's business and what effect this evidence should have on the finding of substantial gainful activity during the period in question.

## **RECOMMENDATION**

For the foregoing reasons, I recommend that Plaintiff's Motion to Reverse and Remand Agency Decision [Docket #7] filed November 22, 2005 be **GRANTED** and this matter be remanded to the Commissioner for further proceedings consistent with this opinion.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd., NW, Albuquerque, NM 87102.  A party must file any objections within the ten day period if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**